IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREGORY LUCAS AND CARMAN DURHAM,<br><br>          Plaintiffs,<br><br>     vs.<br><br>K.O.A. RESIDENTIAL COMMUNITY, et al.,<br><br>          Defendants. | **REPORT & RECOMMENDATION**<br><br>Case No:  2:06-CV-992 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

Plaintiffs Gregory Lucas and Carman Durham[1] filed suit under 42 U.S.C. § 1983 against KOA Residential Community, Doug, the KOA manager, and a John Doe, the KOA owner. Plaintiffs allege that they were denied services at a KOA campground on the basis of race in violation of their right to equal protection.  Plaintiff Lucas also alleges that Defendants violated his rights under the Americans with Disabilities Act[2] and the Rehabilitation Act.[3]

---

[1] Only Plaintiff Lucas is named in the caption of the complaint.  However, it is clear from the body of the complaint that Durham is also a plaintiff.  Further, both Lucas and Durham signed the complaint.  Because pro se allegations should be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court deems both Lucas and Durham to be plaintiffs in this case.

[2] 42 U.S.C. § 12101-12213.

[3] 29 U.S.C.§ 701-796.

## PROCEDURAL BACKGROUND

Defendants have filed a motion for summary judgment with a supporting memorandum.[4] Since Plaintiffs have not filed a response, the facts set forth in Defendants' memorandum are deemed admitted under the local rules.[5]  In addition, Plaintiffs failed to respond to Requests for Admissions served upon them by Defendants.[6]  Therefore, the matters set forth in the requests for admission are also deemed admitted.[7]

## PLAINTIFFS' ALLEGATIONS

In the verified complaint, Plaintiff Lucas alleges that during the time period from March 2006 to August 15, 2006, he was denied services at the KOA residential community because he is a black male, and a homeless individual.  In particular, he alleges that Defendant Doug, the KOA manager, denied him access to the convenience store, barber shop, car wash, fast food store, restaurant, and use of public telephones.  In addition, he was not allowed to visit or associate with friends at KOA.  Lucas alleges that because of Defendants' actions, he was unable to work for hire for residents of KOA.

Plaintiff Durham alleges that on August 15, 2006, she was denied services at KOA because she is a white female associating with Plaintiff Lucas, a black male.  Specifically, she alleges that Defendant Doug denied her access to the restroom thereby forcing her to urinate in public and risk arrest.  Plaintiffs further allege that Defendant Doug called the police, and falsely

---

[4]Docket nos. 22 & 23 respectively, filed August 28, 2007.

[5]DUCiv R 56-1(c).

[6]See Defendants' Memorandum in Support of Motion for Summary Judgment.

[7]Fed. R. Civ. P. 36.

accused them of snatching pocketbooks at KOA in order to have them arrested and escorted off the property.

## DEFENDANTS' FACTS[8]

Defendant Douglas Robinson is a manager of the Salt Lake City KOA Kampground (KOA), and has been a manager for approximately twenty-one years. KOA is in the business of leasing RV, trailer, tent, and mobile home spaces to its customers. KOA also operates a car wash, laundry facilities, a store, and other such facilities for the use of its customers who pay fees for the use of the facilities.

Plaintiffs Lucas and Durham are not customers of KOA. They have not entered into an agreement to lease RV, trailer, or tent space, or for any kind of tenancy or other services to be provided by KOA. In fact, Plaintiffs have never requested KOA to provide them tenancy or any other type of services.

Plaintiffs have entered the KOA property on several occasions for the purpose of loitering, panhandling, begging, or soliciting KOA customers. Such entries were made without KOA's permission or approval and were made solely for Plaintiffs' own purposes. They were not made with an intent to receive tenancy or other services provided by KOA, or for the purpose of being a customer. KOA does not allow persons to enter the property for the purpose of solicitation and the property is posted with signs to that effect.

Defendant Robinson has seen Lucas panhandling at the car wash on several occasions, and has asked him to leave. On one occasion, Robinson saw Lucas inside a locked fence where a

---

[8]The statement of facts is summarized from the defendants' memorandum in support of their motion for summary judgment.

motor home was stored.  The motor home had been broken into several times, and Robinson saw Lucas taking items out of the motor home.  Robinson asked Lucas to leave.

On another occasion, Robinson saw Lucas and Durham trying to break into one of the locked restrooms/showers which are provided for paying customers.  When Robinson asked them to leave, they said they had to use the restroom.  Robinson reminded them that there are restrooms in the laundry room.

Defendants state that they have not denied Plaintiffs access to the property or denied them services because of their race, religion, sex, national origin, familial status, or disability.  Further, they have not made racial slurs or used racially derogatory or other discriminatory language towards Plaintiffs.  Defendants have only requested that Plaintiffs leave the property because they have harassed customers by loitering, panhandling, begging, and soliciting, and for breaking into the showers set aside for customers, and other related reasons.  Defendants have not denied Plaintiffs use of the public restrooms, and have only prevented them from using private, locked restrooms and showers that are reserved for the exclusive use of KOA customers.

Plaintiffs, on multiple occasions, have refused to leave the property when requested by defendants when Plaintiffs were loitering, panhandling, soliciting, or begging on the property.  As a result of Plaintiffs' trespass, local police have removed Plaintiffs from the property.

## DISCUSSION

### Standard for Summary Judgment

"Summary judgment is proper if the evidence submitted by the parties, viewed in the light most favorable to the non-movant, indicates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[9]

### Section 1983 Claim

In order to succeed on a section 1983 claim, a plaintiff must prove two elements:  (1) he was deprived of a right secured by the Constitution and laws of the United States, and (2) that the defendant was acting under color of state law.[10]  In this case, even taking Plaintiffs' allegations as true, their claims fail on the second element because there is no showing of state action.

The Fourteenth Amendment prohibits a state from discriminating on the basis of race. However, it "does not forbid a private party, not acting against a backdrop of state compulsion or involvement, to discriminate on the basis of race in his personal affairs as an expression of his own personal predilections."[11]  As the Supreme Court has observed, the Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful."[12]

Here, the defendants are private parties, not state actors.  There is no state involvement except for the actions of local police who were called to escort Plaintiffs off the KOA property. There is no allegation that the police themselves were involved in the alleged racial

---

[9]*Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998); Fed. R. Civ. P. 56(c).

[10]*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

[11]*Id.* at 169.

[12]*Id.* (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)).

discrimination.[13]  Likewise, there is no suggestion that the decision not to provide services to

Plaintiffs was based upon "any statute, ordinance, regulation, custom, or usage, of any State"[14]

sanctioning racial discrimination.[15]  Accordingly, there is no showing that Defendants were acting

under color of state law.

As the Supreme Court observed in another case, a generous reading of the complaint in

this case could support an argument that Plaintiffs were alleging a violation of the Public

Accommodations[16] provisions of Title II of the Civil Rights Act of 1964,.[17]  However, since

injunctive relief is the only remedy available under that Act, the Supreme Court has concluded

that a violation of the Act cannot support a claim for damages under section 1983.[18]  Here,

Plaintiffs seek damages as their only remedy.  Accordingly, Plaintiffs cannot succeed on their

section 1983 claim.

**ADA & Rehabilitation Act Claims**

Plaintiff Lucas also alleges a violation of his rights under the Americans with Disabilities

Act and the Rehabilitation Act.  Title III of the ADA prohibits discrimination on the basis of

---

[13]*See Adickes*, 398 U.S. at 152 (stating that the plaintiff could make out a violation of her Fourteenth Amendment rights if she could prove that a private defendant and the police reached an understanding to deny her service on account of race or to cause her subsequent arrest).

[14]42 U.S.C. § 1983.

[15]*See Adickes*, 398 U.S. at 170 (noting that a state is responsible for the discriminatory act of a private party where the state has compelled the act by law).

[16]42 42 U.S.C. § 2000a.

[17]See Adickes, 398 U.S. at 150 n.5.

[18]*Id.*

disability in places of public accommodation.[19]  "A disability within the meaning of the ADA is

'a physical or mental impairment that substantially limits one or more of the major life activities'

of an individual."[20]

Lucas alleges in the complaint that Defendant Robinson unlawfully denied him services

because of his "handicap, and/or disability as a homeless individual."  However, the status of

being homeless does not qualify as a disability under the Act, because it does not constitute a

physical or mental impairment.  In fact, the legislative history of the Act confirms that Congress

intended to exclude "being poor" from the definition of physical or mental impairment.[21]

Further, like the Public Accommodations Act, money damages are not available in a private suit

under Title III of the ADA.[22]  Instead, Congress limited the remedies available in a private cause

of action to injunctive relief.[23]

Lucas's Rehabilitation Act claim fails for the same reasons,[24] and for the additional reason

that the Rehabilitation Act requires that the program or activity at issue receive federal financial

---

[19]42 U.S.C. § 12182(a).

[20]*Robertson v. Las Animas County Sheriff's Dep't.*, 500 F.3d 1185, 1193-94 (10th Cir. 2007)(quoting 42 U.S.C. 12102(2)(A)).

[21]1 Henry H. Perritt, Jr., *Americans with Disabilities Act Handbook* § 3.02 n.20 (4th ed. 2003)(citing H.R. Rep. No. 485, at 28 (1990)).

[22]42 U.S.C. § 12188; *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1120 (9th Cir. 2000); *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir. 1999); *Jairath v. Dyer*, 154 F.3d 1280, 1283 n.7 (11th Cir. 1998).  The statute provides that the court may award monetary damages to aggrieved persons, but only in discrimination cases filed by the Attorney General.  42 U.S.C. § 12188(b)(2)(B); *Smith*, 167 F.3d 293 n.5; *Jairath*, 154 F.3d at 1283 n.7.  This provision is obviously not relevant in this case since the Attorney General has no involvement.

[23]42 U.S.C. § 12188(a), 2000a-3(a); *Fischer*, 214 F.3d at 1120.

[24]Because the language of disability in the ADA mirrors the language of the Rehabilitation Act, courts look to cases construing the Rehabilitation Act when construing an ADA challenge, and vice versa.  *Cummings v. Norton*, 393 F.3d 1186, 1190 n.2 (10th Cir. 2005).

assistance.[25]  There is no allegation that Defendants were receiving such assistance.  In addition, the Tenth Circuit has held that discrimination based on low socioeconomic status is not actionable under the Rehabilitation Act.[26]

## RECOMMENDATION

No genuine issue of material fact exists, and Defendants are entitled to judgment as a matter of law.  Accordingly, Defendants' motion for summary judgment should be granted.[27]

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation.  The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

December 12, 2007.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[25]29 U.S.C. § 794; *Johnson ex rel. Johnson v. Thompson*, 971 F.2d 1487, 1492 (10th Cir. 1992).

[26]*Johnson*, 971 F.2d at 1493.

[27]Docket no. 22, filed August 28, 2007.